UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the MICHIGAN ELECTRICAL
EMPLOYEES' PENSION FUND, et al.,

      Plaintiffs,

v.

DELTA ELECTRICAL CONTRACTORS
OF LANSING, INC., et al.,

      Defendants.
_____/

File No. 1:12-CV-472

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This action to enforce the contractual obligations of Defendant Delta Electrical Contractors of Lansing, Inc. ("Delta"), an employer, to pay fringe benefit contributions, dues, and additional amounts, is before the Court on Plaintiffs' motion for summary judgment against Delta. (Dkt. No. 35.)[1] The motion is unopposed.[2] For the reasons that follow, the motion will be granted.

---

[1] Although this action was also filed against corporate officers Christopher Jones, Christina Jones, Melissa Austin, and Timothy Austin, alleging that they are personally responsible for Delta's indebtedness as fiduciaries under the Michigan Building Contract Fund Act, Mich. Comp. Laws § 570.151, *et seq.*, Plaintiffs are currently moving for entry of summary judgment against Delta only.

[2] Delta has filed for Chapter 7 bankruptcy protection. *In re Delta Elec. Contractors of Lansing, Inc.,* Case No. 12-9831 (Bankr. W.D. Mich.). The automatic stay has been lifted in that case. (Dkt. No. 35, Ex. A, Order Granting Relief from Stay.) Because of Delta's bankruptcy, only the bankruptcy trustee has standing to challenge this motion on behalf of Delta. 11 U.S.C. §§ 704(a) and 541. Plaintiffs have represented that they contacted the bankruptcy trustee before filing this motion, and the trustee advised that because the bankruptcy matter was deemed to be a "no-asset" case, the trustee did not wish to become a party in the present action. (Dkt. No. 35, Pls. Mot. ¶ 7.)

## I.

Plaintiffs, the trustees of various employee plans, funds, and trusts, have presented the following undisputed evidence:

Delta is bound by collective bargaining agreements entered into by the International Brotherhood of Electrical Workers Local Union Nos. 557, 665, 275 and 445 ("Agreements"). (Dkt. No. 37, Mills Aff. ¶ 3.) The Agreements set forth the obligation of employers to pay wages to their electrical worker employees and contributions on their behalf to the Michigan Electrical Employees' Fringe Benefit Funds. (Mills Aff. ¶ 4.)

The Plaintiffs' payroll auditor performed two payroll audits of Delta for the purpose of ascertaining Delta's indebtedness for fringe benefit contributions owing to the Funds for work performed by employees covered by the Agreements during the period of January 2009 through April 2012. (Mills Aff. ¶ 5.) On August 22, 2012, the auditor completed a revised audit for the period from January 2009 through April 2012 regarding work performed by members of Locals 557, 665, and 275, which revealed an audited indebtedness of $460,079.70, consisting of $427,001.86 in unpaid contributions, $31,640.24 in liquidated damages resulting from the audit, $156.27 in liquidated damages resulting from late payment, $938.64 in interest due to the National Electrical Annuity Fund (NEAP), and $342.69 in interest due to the National Electrical Benefit Fund (NEBF). (Mills Aff. ¶ 7 & Ex. A.)

The auditor also completed a revised audit for the period from January 2009 through April 2012 regarding work performed by members of Local 445, which revealed an audited

indebtedness of $10,391.57, consisting of $28,199.98 in unpaid contributions, $2,174.81 in liquidated damages resulting from the audit, $253.42 in liquidated damages resulting from late payment, $64.55 in interest due to NEAP, and $19.46 in interest due to NEBF, less a payment received of $20,320.65. (Mills Aff. ¶ 8 & Ex. B.)

The auditor received additional payments of $251,788.45, bringing the total collected against Delta's audited indebtedness to $272,109.10. (Mills Aff. ¶ 9.) After the payments have been applied, Delta's total outstanding audited indebtedness is $218,682.82 consisting of $183,092.74 in unpaid fringe benefit contributions, $33,815.05 in liquidated damages resulting from the audit, $409.69 in liquidated damages resulting from late payment, $1,003.19 in interest due to NEAP, and $362.15 in interest due to NEBF. (Mills Aff. ¶ 10.)

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Where, as here, the moving party bears the burden of persuasion at trial, the moving party "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James Wm. Moore, et al., *Moore's*

3

*Federal Practice* § 56.13[1], at 56-138 (3d ed. 2000)). If the moving party carries its burden, then the nonmoving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Plaintiffs are entitled to judgment against Delta. Plaintiffs have shown and Defendants do not dispute that Delta entered into the Agreements that require the payment of fringe benefit contributions. The auditor has determined that Delta owed Plaintiffs $470,471.27. The Plaintiffs have received payments which have reduced the total outstanding audited indebtedness to $218,682.82, consisting of $183,092.74 in unpaid fringe benefit contributions, $33,815.05 in liquidated damages resulting from the audit, $409.69 in

liquidated damages resulting from late payment, $1,003.19 in interest due to NEAP, and $362.15 in interest due to NEBF.

Plaintiffs' motion for summary judgment will accordingly be granted and the Court will enter a judgment in favor of Plaintiffs and against Delta in the audited amount of $218,682.82 pursuant to ERISA Section 515, 29 U.S.C. § 1145. Plaintiffs are also entitled to additional amounts from Delta pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), and Plaintiffs' plan documents. Plaintiffs will be granted leave to file a motion for amended judgment to incorporate those amounts, which will include additional interest, as well as attorneys fees and costs.

An order and judgment consistent with this opinion will be entered.


Dated: April 18, 2013 　　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE